**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION**

| | |
|---|---|
| Crystal Leeann Asher, as Personal Representative of the Estate of Joseph Bradley Asher, | ) ) ) ) Civil Action No.: 6:12-cv-02787-JMC ) |
| Plaintiff, | ) **OPINION AND ORDER** ) ) |
| v. | ) ) |
| Duke Energy Carolinas, LLC, | ) ) |
| Defendant. | ) ) |
| Crystal Leeann Asher, | ) ) |
| Plaintiff, | ) Civil Action No.: 6:12-cv-02788-JMC ) |
| v. | ) ) |
| Duke Energy Carolinas, LLC, | ) ) |
| Defendant. | ) ) |
| Crystal Leeann Asher, as Personal Representative of the Estate of Joseph Bradley Asher, | ) ) ) Civil Action No.: 6:12-cv-02789-JMC ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| Duke Energy Carolinas, LLC, | ) ) |
| Defendant. | ) ) |

1

This matter is before the court on Defendant Duke Energy Carolinas, LLC's ("Defendant") Motion to Consolidate [Dkt. No. 6]. Defendant argues the above captioned action should be consolidated with related actions *Asher v. Duke Energy Carolinas, LLC*, Civil Action No.: 6:12-cv-02788-JMC, and *Asher v. Duke Energy Carolinas*, LLC, Civil Action No.: 6:12-cv-02789-JMC (each, collectively, and together with this Action, the "Action(s)") for the purpose of ruling on Defendant's pending Motions to Dismiss, filed in each of the Actions, and, if necessary, for the purposes of all future motions, discovery and trial.

## FACTUAL AND PROCEDURAL BACKGROUND

The Actions arise from a September 2009 incident during which Joseph Bradley Asher ("Decedent") entered an electrical substation owned by Defendant and allegedly made contact with electrical equipment. As a result, Decedent sustained personal injuries and subsequently died on November 21, 2009. On August 31, 2012, Plaintiff separately filed a loss of consortium, a survival and a wrongful death action in the Court of Common Pleas for Greenville County, South Carolina. Defendant properly removed all Actions to this court based on the court's diversity jurisdiction [Dkt. No. 1][1] and subsequently filed motions to dismiss in each Action. Defendant filed the instant Motion to Consolidate [Dkt. No. 6] arguing that the actions involve the same questions of law and fact and thus are appropriate for consolidation under Federal Rule of Civil Procedure 42(a).

---

[1] Plaintiff is a citizen of Greenville County, South Carolina. [Dkt. No. 1-1]. In her pleadings filed in the Court of Common Pleas for Greenville County, Plaintiff incorrectly stated that Defendant is a citizen of South Carolina. *See* [Dkt. No. 1-1]. Defendant is a citizen of North Carolina. *See* [Dkt. No. 1-3]. Thus, complete diversity of citizenship exists, the appropriate amount in controversy has been alleged, and this court may properly exercise jurisdiction.

The parties are the same in each Action, as are the underlying facts, though Plaintiff filed separate claims: a loss of consortium action on her own behalf (Civil Action No.: 6:12-cv-02788-JMC), and a wrongful death action (Civil Action No.: 6:12-cv-02787-JMC), and a survival action (Civil Action No.: 6:12-cv-02789-JMC) as the personal representative of Decedent.  Plaintiff's Response represents that she supports Defendant's Motion to Consolidate for the purpose of ruling on the pending Motions to Dismiss and for discovery, but she opposes consolidation of the trials.  [Dkt. No. 17].  For the reasons discussed below, Defendant's Motion is **GRANTED**.

## DISCUSSION

Rule 42(a) of the Federal Rules of Civil Procedure provides that where actions involve a common question of law or fact, the court may "(1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." FED. R. CIV. P. 42(a).  Courts enjoy broad discretion to consolidate actions pending in the same district, like these Actions.  *See A/S J. Ludwig Mowinckles Rederi v. Tidewater Const. Co.*, 559 F.2d 928, 933 (4th Cir. 1977).

In *Kelley v. U.S.*, the court granted the defendants' motion to consolidate a husband's loss of consortium claim and a wife's separately filed personal injury claim where both claims stemmed from injuries the wife sustained in a plane crash, finding that the claims necessarily involved common questions of law and fact.  580 F. Supp. 2d 490, 494 (E.D. Va. 2008).  Like *Kelley*, the Actions here stem from the same incident: Decedent was injured and subsequently died after entering an electrical substation.  Thus, the factual predicates for each Action are the same.  Accordingly, each Action involves common questions of law and fact such as whether Defendant owed any duty to

3

Decedent, whether Decedent assumed the risk of injury when entering the substation, the manner in which Decedent entered the substation, and the precautions Defendant took to prevent unauthorized entry. Because there are such common questions, the court finds that consolidation is appropriate.

The court also weighs the risks of prejudice to the parties and possible juror confusion to determine if consolidation is proper. The court must consider the risks of consolidation against the risks of not consolidating, which would include common factual and legal issues being decided inconsistently, burdening the parties, witnesses and the judiciary with multiple lawsuits, the time required to conclude several actions as opposed to one, and the expense of conducting multiple trials as opposed to a single trial. *See Arnold v. E. Air Lines, Inc.*, 681 F.2d 186, 193 (4th Cir. 1982). In other words, consolidation is appropriate when to do so will "foster clarity, efficiency and the avoidance of confusion and prejudice." *Allfirst Bank v. Progress Rail Servs. Corp.*, 178 F. Supp. 2d 513, 520 (citing *Arnold*, 681 F.2d at 192-93).

Plaintiff argues that consolidation may cause confusion if one jury attempted to award damages for consolidated causes of action, risking less than fair compensation because jurors may assume that damage awards overlap when Plaintiff argues they should not. [Dkt. No. 17]. The court does not find this argument compelling because such potential prejudice can be alleviated through jury instructions and an appropriate verdict form. It is well settled that courts may quell juror confusion through cautious jury instructions. *Arnold*, 681 F.2d at 193; *see also Durham v. S. Ry. Co.*, 254 F. Supp. 813, 815-16 (W.D. Va. 1996) (noting that the court may address any potential prejudice with proper jury instructions that illustrate the "different considerations involved so that no

4

prejudice will result…."). Accordingly, the court does not give credence to the prejudice argument.

Plaintiff also argues that consolidation will create a conflict of interest for her by virtue of the fact that she brought the wrongful death and survival actions in her representative capacity, and the loss of consortium action in her individual capacity. Plaintiff argues that the potential conflict of interest would arise in distributing any potential settlement or judgment proceeds. She asserts that certain liens and creditors' claims may apply to any potential recovery in the survival Action, but not the wrongful death or loss of consortium Actions. Plaintiff does not specify the types of liens or creditors or delineate whether the creditors are hers or those of Decedent. Regardless, the court finds this argument unpersuasive because the jury can be provided a verdict form requiring it to specify the amount of recovery, if any, as to each cause of action. Thus, any amount subject to creditor claims can be singled out. Moreover, any appropriate amounts would be subject to creditor claims whether the causes of action are tried separately or consolidated. *See Dubuque Fire & Marine Ins. Co. v. Wilson*, 213 F.2d 115, 121 (4th Cir. 1954) (noting that "in South Carolina the primary source to which a creditor of an estate must look for payment is the personal estate of the deceased in the hands of his personal representative."), *rev'd on other grounds*, *Moultis v. Degen*, 279 S.C. 1, 301 S.E.2d 554, (1983). Additionally, the potential conflict does not outweigh the benefit of judicial economy provided by consolidation. The parties have agreed that each Action may maintain its separate caption and case number [Dkt. No. 17-1], [Dkt. No. 21], which should alleviate any confusion.

5

Finally, Plaintiff argues that time would not be saved by consolidation because Plaintiff would still present evidence on each element of each Action during trial. This argument is without merit. Three separate actions would require three separate trial dates, selecting three separate juries, calling the same witnesses and presenting much of the same evidence to establish the same factual predicate. Accordingly, the court finds that judicial economy is best served by consolidation.

## CONCLUSION

For the reasons set forth above, Defendant's Motion to Consolidate [Dkt. No. 6] is **GRANTED** for the purposes of all future motions, discovery, and trial. The parties are further notified that *Asher v. Duke Energy Carolinas, LLC*, Civil Action No.: 6:12-cv-02787-JMC is designated as the lead docket number for purposes of court deadlines, including the date by which all actions must be concluded.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

May 15, 2013
Greenville, South Carolina