# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# GREENVILLE DIVISION

| | | |
|---|---|---|
| Crystal Leeann Asher, as Personal Representative of the Estate of Joseph Bradley Asher, | ) ) ) ) ) | **OPINION AND ORDER** |
| Plaintiff, | ) ) | Civil Action No.: 6:12-cv-02787-JMC |
| v. | ) ) | |
| Duke Energy Carolinas, LLC, | ) ) | |
| Defendant. | ) ) | |
| Crystal Leeann Asher, | ) ) | |
| Plaintiff, | ) ) | Civil Action No.: 6:12-cv-02788-JMC |
| v. | ) ) | |
| Duke Energy Carolinas, LLC, | ) ) | |
| Defendant. | ) ) | |
| Crystal Leeann Asher, as Personal Representative of the Estate of Joseph Bradley Asher, | ) ) ) ) ) | |
| Plaintiff, | ) ) | Civil Action No.: 6:12-cv-02789-JMC |
| v. | ) ) | |
| Duke Energy Carolinas, LLC, | ) ) | |
| Defendant. | ) ) | |

1

This matter is before the court on Defendant Duke Energy Carolinas, LLC's ("Defendant") Motion to Dismiss [Dkt. No. 4] Plaintiff Crystal Leeann Asher's ("Plaintiff") Complaint [Dkt. No. 1], pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons set forth below, the court grants Defendant's motion without prejudice to Plaintiff's right to amend her complaint.

## FACTUAL AND PROCEDURAL BACKGROUND

This action arises from a September 2009 incident during which Joseph Bradley Asher ("Decedent") entered an electrical substation through a gate or fence that surrounded the substation. Decedent allegedly made contact with electrical equipment in the substation, which was owned by Defendant. As a result, Decedent sustained personal injuries and subsequently died on November 21, 2009. On August 31, 2012, Plaintiff separately filed loss of consortium, survival and wrongful death actions in the Court of Common Pleas for Greenville County, South Carolina ("the Actions"). Defendant properly removed all Actions to this court based on the court's diversity jurisdiction [Dkt. No. 1]. On May 15, 2013, the Actions were consolidated because this court determined they involved common questions of law and fact. [Dkt. No. 26].

Defendant brings the instant Motion to Dismiss [Dkt. No. 4], arguing that Plaintiff's claims, which are based on a theory of negligence, do not allege sufficient facts to show a breach of the duty of care owed to a trespasser, which Defendant alleges Decedent was at the time he entered the substation. Plaintiff has responded, objecting to

Defendant's motion with numerous arguments on why she has pled sufficient facts. [Dkt. No. 21][1].

## STANDARD OF REVIEW

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the complaint must contain sufficient factual allegations to give the defendant notice of the basis for the plaintiff's entitlement to relief. *See* Fed. R. Civ. P. 8(a)(2); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Conley v. Gibson*, 355 U.S. 41, 47, (1957)) (noting that Fed. R. Civ. P. 8 requires a complaint to give sufficient notice of the claim and theory of liability). This requires less than detailed factual allegations, but more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action…." *Twombly,* 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). To be sufficiently pled, the complaint must not rest upon "naked assertions devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009) (internal quotation marks and brackets omitted) (citing *Twombly*, 550 U.S. at 557).

The factual allegations must also "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). In contrast to possible, or conceivable, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The court determines whether a complaint states a plausible claim for relief on a case-by-case basis. *Id.* at 679 (citation omitted). The court relies on its judicial experience and common

---

[1] All docket citations will be to Civil Action No.: 6:12-cv-02787-JMC, unless otherwise noted. Plaintiff has incorporated by reference her Memorandum in Opposition to Defendant's Motion to Dismiss filed in Civil Action No.: 6:12-cv-02788-JMC, Dkt. No. 16.

sense to make this determination. *Id.* The court must also accept all of the allegations in the complaint as true, but the court is not required to accept legal conclusions disguised as factual allegations. *Id. at* 678 ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.").

To evaluate the instant motion, the court must apply these standards to Plaintiff's negligence claim under South Carolina law. In order to prevail in a negligence claim the plaintiff must show (1) a duty owed by the defendant to the plaintiff; (2) a breach of that duty by a negligent act or omission; and (3) damages proximately caused by a breach of that duty. *Vinson v. Hartly,* 324 S.C. 389, 399, 477 S.E.2d 715, 720 (Ct. App. 1996) (citing *Newton v. S.C. Pub. Rys. Comm'n*, 312 S.C. 107, 439 S.E.2d 285 (Ct. App. 1993)); *see also Snow v. City of Columbia*, 305 S.C. 544, 554, 409 S.E.2d 797, 803 (Ct. App. 1991). Defendant argues, and Plaintiff does not dispute[2], that Decedent was a trespasser on Defendant's property at the time Decedent sustained his injuries. Because he was a trespasser, Defendant owed Decedent no duty other than to not willfully, wantonly or recklessly injure him. *Estate of Adair v. L-J, Inc.*, 372 S.C. 154, 160, 641 S.E.2d 63, 66 (Ct. App. 2007) (citing *Nettles v. Your Ice Co.*, 191 S.C. 429, 436, 4 S.E.2d 797, 799 (1939)). Thus, in the instant matter, the critical question is whether Plaintiff has pled sufficient facts to show a plausible claim for relief for negligence, including willful, wanton or reckless behavior on the part of Defendant in order to show a breach of the duty of care owed to a trespasser.

---

[2] Plaintiff does not dispute that Decedent was a trespasser. However, Plaintiff argues that the complaint states sufficient facts to show a breach of the duty of care owed to a trespasser. [*See* Dkt. No. 16, Civil Action No.: 6:12-cv-02788-JMC]. Plaintiff argues in the alternative that Decedent was a licensee in the substation. *Id.* The court rejects this argument for the reasons stated in this opinion.

4

Under South Carolina law, negligence is the failure to exercise due care, whereas recklessness, willfulness and wantonness are synonyms meaning a *conscious* failure to exercise due care. *Berberich v. Jack*, 392 S.C. 278, 287, 709 S.E.2d 607, 612 (2011) (quoting *Hart v. Doe*, 261 S.C. 116, 122, 198 S.E.2d 526, 529 (1973)); *Fairchild v. S.C. Dept. of Transp.*, 398 S.C. 90, 99, 727 S.E.2d 407, 412 (2012) (citing *Berberich*, 392 S.C. at 287) (emphasis added) (noting that when pled in a negligence action, the terms willful, wanton, and reckless are synonymous); *McGee v. Bruce Hosp. Sys.*, 321 S.C. 340, 346, 468 S.E.2d 633, 637 (1996) ("A conscience failure to exercise due care constitutes willfulness."). The test to determine whether conduct is reckless, willful or wanton is whether it has been committed in a manner or under such circumstances that a reasonable person would have been conscious that the act invaded the rights of the injured party. *Berberich*, 392 S.C. at 287 (quoting *Rogers v. Florence Printing Co.*, 233 S.C. 567, 577, 106 S.E.2d 258, 263 (1958)). In other words, if a reasonable person would have known that the conduct was dangerous and posed a risk of injury to another, even if the Defendant did not, the Defendant's conduct was indeed reckless, willful or wanton. *Id.* (citing *Yaun v. Baldridge*, 243 S.C. 414, 419, 134 S.E.2d 248, 251 (1964)); *see also* 62 AM. JUR. 2D *Premises Liability* § 213 (2013) ("[I]t is not necessary to establish that the defendant actually recognized the conduct as dangerous. It is sufficient that a reasonable person under such circumstances would have been aware of the dangerous character of such conduct and the high degree of injury to another which it entailed.").

## DISCUSSION

In applying these standards to the instant matter, the court finds that the complaint must have first pled enough factual content to show Defendant knew or should have

5

known that the electrical substation was accessible by unauthorized persons, and second that a reasonable person would know that leaving the substation accessible could cause injury to another. It is not enough to merely allege the gate was accessible by unauthorized persons. Plaintiff must allege sufficient factual content to show Defendant knew or should have known the electrical substation could be accessed by unauthorized persons. *See Nettles,* 4 S.E.2d at 799 (trespasser could recover where defendant employer hired known drunk driver to operate vehicle and driver caused injury to trespasser).

In paragraph eleven of her Complaint, Plaintiff alleges:

> 11. Defendant, by and through its duly authorized agents and servants, was negligent, reckless, and grossly negligent in one or more of the following ways:
>
> a. In permitting an improperly closed gate to theSubstation[sic];
>
> b. In failing to close and/or to secure the Substation gate properly;
>
> c. In failing to inspect and to maintain the Substation properly;
>
> d. In failing to prevent reasonably foreseeable entries into the Substation;
>
> e. In allowing the Substation to be accessible by individuals it could reasonably foresee coming into contact with it;
>
> f. In failing to warn adequately of known dangers presented by the Substation;
>
> g. In failing to meet to the requirements of the National ElectricalSafety[sic] Code and other industry safety standards;
>
> h. In failing to meet the requirements of its own safety standards;
>
> i. In failing to remedy defects in the Substation that could reasonably be expected to endanger life or property by repair, disconnecting, isolation, or other practical safeguarding of persons;
>
> j. In failing and omitting to exercise that degree of care and caution that an ordinary and prudent person would have used under like conditions and

>circumstances then and there existing; and

>k. In otherwise being negligent, reckless, and grossly negligent.

[Dkt. No. 1].

After examining the complaint, the court finds it to be lacking sufficient allegations concerning Defendant's knowledge that the electrical substation could be accessed by unauthorized persons, and thus cannot survive Defendant's Motion to Dismiss. The aforementioned paragraph is the only one in Plaintiff's complaint that comes close to discussing Defendant's knowledge that the electrical substation could be accessed by unauthorized persons; however, it does not come close enough.

Plaintiff argues she has pled sufficient facts to establish breach of the duty owed to a trespasser. [*See* Dkt. No. 16, Civil Action No.: 6:12-cv-02788-JMC]. This argument is without merit for the reasons described above. Plaintiff attempts to make numerous other arguments, none of which enable her to overcome the threshold issue of Defendant's knowledge. For instance, Plaintiff argues that Defendant's duty is established because Decedent's injuries were or should have been a foreseeable result of Defendant's conduct, but this does not suffice without alleging Defendant knew or should have known of its negligence.

Plaintiff also argues that Decedent was a foreseeable trespasser, and was thus owed a duty of care similar to a licensee rather than a trespasser. Plaintiff relies on *Jones v. Atlanta-Charlotte Air Line Ry. Co.*, 218 S.C. 537, 63 S.E.2d 476 (1951) and *Miller v. Atlantic Coast Line R. Co.*, 225 S.C. 217, 81 S.E.2d 335 (1954) to conclude that "South Carolina courts have held that, when a property owner conducts a dangerous activity on its property and may reasonably expect the presence of trespassers on its property, the

law imposes on it a duty of care to those trespassers similar to that owed to licensees." [Dkt. No. 16 at 5, Civil Action No.: 6:12-cv-02788-JMC].  Plaintiff merely offers conclusory allegations that Decedent was a foreseeable trespasser, but her Complaint is devoid of any facts suggesting Defendant should have been aware of Decedent's presence or that of other trespassers.  Accordingly, the facts in the instant matter are distinguishable from those in *Jones* and *Miller*, and Plaintiff's argument in this regard is unpersuasive.

Additionally, Plaintiff, relying on *Franks v. Southern Cotton Oil Co.*, 78 S.C. 10, 58 S.E. 960 (1907), asserts that Decedent's mental capacity should be considered in determining Defendant's duty to Decedent.  [*See* Dkt. No. 16, Civil Action No.: 6:12-cv-02788-JMC].  The court disagrees. Plaintiff overlooks the fact that the *Franks* court found the defendant liable to trespassing children because children were known to play in the area where the child was injured.  *See Franks*, 58 S.E. at 960 (citing *Sioux City v. Stout*, 84 U.S. 657, 21 L.Ed. 745, (1906)); *Union Pac. Ry. Co. v. McDonald*, 152 U.S. 262, 38 L.Ed 434 (1894);  *Biggs v. Conn. Barb Wire Co.*, 60 Kan. 217 (1990).  Plaintiff in the instant matter has not presented facts showing that the electrical substation was an area where the public was known to frequent.  Thus, a comparison of the instant matter to *Franks*, or the cases cited therein, is inapposite.

In a similar vein, Plaintiff argues that Defendant's duty is established by having conducted a dangerous activity on its property.  [Dkt. No. 16 at 10-11, Civil Action No.: 6:12-cv-02788-JMC]. Under South Carolina law, a defendant may be liable to a plaintiff for injuries caused by the defendant conducting a dangerous activity on his property only if the injured party is a child.  *Henson ex rel. Hunt v. Int'l Paper Co.*, 374 S.C. 375, 386-

87, 650 S.E.2d 74, 80-71 (2007) (adopting the Restatement (Second) § 339). Decedent is not a child. Accordingly, Plaintiff cannot establish liability against Defendant under this theory.

Finally, Plaintiff maintains that Defendant assumed a duty by "erecting a fence and gate in an effort to preclude entry to the Substation." [Dkt. No. 16 at 11, Civil Action No.: 6:12-cv-02788-JMC]. "Ordinarily, the common law imposes no duty on a person to act. Where an act is voluntarily undertaken, however, the actor assumes the duty to use due care." *Hendricks v. Clemson Univ.*, 353 S.C. 449, 457, 578 S.E.2d 711, 714 (2003) (citing *Carson v. Adgar*, 326 S.C. 212, 486 S.E.2d 3 (1997)). The instant matter is distinguishable from cases where South Carolina courts have found an assumed duty because Plaintiff has not alleged Defendant contractually undertook the responsibility of keeping Decedent safe, nor has Defendant admitted such responsibility. *See Madison ex. rel. Bryant v. Babcock Ctr., Inc.*, 371 S.C. 123, 638 S.E.2d 650 (2006); *see also Bryant v. City of N. Charleston*, 304 S.C. 123, 403 S.E. 159 (Ct. App. 1991).

## CONCLUSION

Accordingly, Defendant's motion is **GRANTED** without prejudice to Plaintiff's opportunity to amend her complaint consistent with the opinion herein. Plaintiff shall file an amended complaint by July 19, 2013.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

July 1, 2013
Greenville, South Carolina

9