# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# GREENVILLE DIVISION

| | | |
|---|---|---|
| Crystal Leeann Asher, as Personal Representative of the Estate of Joseph Bradley Asher, | ) ) ) ) | Civil Action No. 6:12-02787-JMC |
| Plaintiff, | ) ) | |
| v. | ) ) | **ORDER AND OPINION** |
| Duke Energy Carolinas, LLC, | ) ) | |
| Defendant. | ) ) | |
| Crystal Leeann Asher, as Personal Representative of the Estate of Joseph Bradley Asher, | ) ) ) ) | Civil Action No. 6:12-02788-JMC |
| Plaintiff, | ) ) | |
| v. | ) ) | **ORDER AND OPINION** |
| Duke Energy Carolinas, LLC, | ) ) | |
| Defendant. | ) ) | |
| Crystal Leeann Asher, as Personal Representative of the Estate of Joseph Bradley Asher, | ) ) ) ) | Civil Action No. 6:12-02789-JMC |
| Plaintiff, | ) ) | |
| v. | ) ) | **ORDER AND OPINION** |
| Duke Energy Carolinas, LLC, | ) ) | |
| Defendant. | ) ) | |

Plaintiff Crystal Leeann Asher, as Personal Representative of the Estate of Joseph Bradley Asher ("Plaintiff"), filed these actions[1] for wrongful death, survival, and loss of consortium (collectively the "Actions"), alleging that her husband, Joseph Bradley Asher

---

[1] Plaintiff filed three (3) separate actions, one for wrongful death, one for loss of consortium, and one for survival. The court consolidated these cases on May 15, 2013. (ECF No. 26.) All references to the docket are to the first filed wrongful death case, 6:12–02787.

("Decedent"), was injured and subsequently died as a result of the negligence, recklessness, gross negligence, willfulness, and wantonness of Defendant Duke Energy Carolinas, LLC ("Defendant"). Defendant denies that Plaintiff has alleged sufficient facts to establish a breach of the duty of care owed to a trespasser, which Defendant alleges Decedent was at the time he was injured. (ECF No. 32.)

This matter is before the court on Defendant's motion to dismiss the amended complaint for failure to state a claim under Fed. R. Civ. P. 12(b)(6) ("Rule 12(b)(6) motion"). (Id.) Plaintiff opposes Defendant's Rule 12(b)(6) motion in its entirety. (ECF No. 36.) For the reasons set forth below, the court **DENIES** Defendant's Rule 12(b)(6) motion.

## I.     RELEVANT BACKGROUND TO PENDING MOTION

These actions arise from a September 2009 incident during which Decedent allegedly entered an electrical substation at 803 South Buncombe Road, Greer, South Carolina, through a gate or fence that surrounded the substation. (ECF No. 31 at 2-4.) Decedent allegedly made contact with electrical equipment in the substation, which was owned by Defendant. (Id.) As a result, Decedent sustained personal injuries and subsequently died on November 21, 2009. (Id.)

On August 31, 2012, Plaintiff filed the Actions in the Court of Common Pleas for Greenville County, South Carolina, alleging premises liability negligence against Defendant. (ECF No. 1-1.) On September 25, 2012, Defendant removed the Actions to this court based on the diversity jurisdiction and filed a Rule 12(b)(6) motion. (ECF Nos. 1, 4.) Plaintiff filed opposition to Defendant's Rule 12(b)(6) motion on October 29, 2012, to which Defendant filed a reply in support of dismissal of the complaint on November 8, 2012. (ECF Nos. 19, 22.) On May 15, 2013, the court consolidated the Actions, finding that they involved common questions of law and fact. (ECF No. 26.)

On July 1, 2013, the court granted Defendant's Rule 12(b)(6) motion and dismissed the complaint, finding that Plaintiff failed to "ple(ad) sufficient facts to show a plausible claim for relief for negligence, including willful, wanton or reckless behavior on the part of Defendant in order to show a breach of the duty of care owed to a trespasser." (ECF No. 29.) "After examining the complaint, the court (found) it to be lacking sufficient allegations concerning Defendant's knowledge that the electrical substation could be accessed by unauthorized persons, and thus [][could] not survive Defendant's Motion to Dismiss." (Id. at 7.) However, the court granted the Rule 12(b)(6) motion without prejudice and allowed Plaintiff the opportunity to file an amended complaint "consistent with [the court's] opinion." (Id. at 9.)

Plaintiff filed an amended complaint on July 12, 2013. (ECF No. 31.) On July 22, 2013, Defendant filed a Rule 12(b)(6) motion regarding the amended complaint. (ECF No. 32.) Plaintiff filed opposition to Defendant's Rule 12(b)(6) motion on August 16, 2013, to which Defendant filed a reply in support of dismissal of the amended complaint on August 20, 2013. (ECF Nos. 36, 37.)

## II.    LEGAL STANDARD

A.    Motions to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6)

A motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted "challenges the legal sufficiency of a complaint." Francis v. Giacomelli, 588 F.3d 186, 192 (4th Cir. 2009) (citations omitted); see also Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir.1992) ("A motion to dismiss under Rule 12(b)(6) . . . does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses."). To be legally sufficient a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

3

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim should not be granted unless it appears certain that the plaintiff can prove no set of facts that would support her claim and would entitle her to relief. Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993). When considering a motion to dismiss, the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff. Ostrzenski v. Seigel, 177 F.3d 245, 251 (4th Cir. 1999); Mylan Labs., Inc., 7 F.3d at 1134. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

B.  Negligence

To assert direct liability based on a negligence claim in South Carolina, a plaintiff must show that (1) defendant owed her a duty of care; (2) defendant breached this duty by a negligent act or omission; (3) defendant's breach was the proximate cause of her injuries; and (4) she suffered injury or damages. Dorrell v. S.C. DOT, 605 S.E.2d 12, 15 (S.C. 2004) (citation omitted). "Whether the law recognizes a particular duty is an issue of law to be determined by the court." Jackson v. Swordfish Inv., L.L.C., 620 S.E.2d 54, 56 (S.C. 2005) (citation omitted).

C.  Liability for Injuries on Premises

South Carolina courts "recognize[] four general classifications of persons who come on premises: adult trespassers, invitees, licensees, and children." Sims v. Giles, 541 S.E.2d 857, 861 (S.C. Ct. App. 2001). South Carolina law applies different standards of care depending on whether the visitor is considered an "invitee," i.e., an invited (express or implied) business guest;

4

a "licensee," i.e., a person not invited, but whose presence is suffered; a "trespasser," i.e., a person whose presence is neither invited nor suffered; or a child. Id. Generally, the jury determines whether an individual is a licensee, invitee, or trespasser. Nesbitt v. Lewis, 517 S.E.2d 11, 15 (S.C. 1999).

### III.     ANALYSIS

A.     The Parties' Arguments

Defendant moves to dismiss the amended complaint, arguing that Plaintiff does not state a claim for premises liability negligence because she failed to plead that Defendant consciously, purposefully, or intentionally injured Decedent. (ECF No. 32-1 at 6-7.) Defendant's argument depends on the classification of Decedent as a trespasser to whom Defendant only owed the duty to not consciously, intentionally, or purposefully injure him.[2] (Id.)

In response to Defendant's motion to dismiss the amended complaint, Plaintiff does not appear to challenge Defendant's claim that Decedent was a trespasser, but instead argues that the amended complaint states sufficient facts to state a premises liability negligence claim even by a trespasser.[3] (ECF No. 36 at 3.) Specifically, Plaintiff argues that her allegations establish that Defendant knew that the substation presented serious hazards and was accessible by unauthorized persons. (Id. at 4-6.) Moreover, given Defendant's knowledge of the dangerous

---

[2] A landowner owes a trespasser "no duty except the duty not to do him willful or wanton injury." Estate of Adair v. L-J, Inc., 641 S.E.2d 63, 67 (S.C. Ct. App. 2007) (citing Nettles v. Your Ice Co., 4 S.E.2d 797, 799 (S.C. 1939) (holding a landowner "owes no duty to a trespasser . . . except to do him no willful or wanton injury."). Therefore, in order to make out a case, a trespasser "must prove actionable wilful[l]ness on the part of [][the landowner], which was the proximate cause of his injury." Nettles, 4 S.E.2d at 799. Actionable willfulness is willfulness operating as a proximate cause of some injury to the plaintiff. Hallman v. Cushman, 13 S.E.2d 498, 500 (S.C. 1941). "[T]he essence of willfulness is that the actor be aware of what he or she is doing, which is to say that his or her actions are intentional, in contrast to that which is thoughtless or accidental." State v. Sterling, 723 S.E.2d 176, 188 (S.C. 2012).

[3] It appears that Plaintiff construed the court's prior order as prohibiting her from challenging that Decedent was a trespasser.

5

condition presented by the substation, its "conduct exhibited a conscious failure to use due care and was therefore reckless, willful, and wanton." (Id. at 7.)

In addition to the foregoing, several arguments made by Plaintiff in response to the motion to dismiss the complaint are also relevant to this inquiry. First, Plaintiff argued that it could be inferred from her allegations that Decedent was a licensee because Defendant was conducting a dangerous activity at the substation and should have expected the presence of trespassers on its property. (ECF 16 at 5 (C/A No. 6:12-02788-JMC) (citing, e.g., Miller v. Atl. Coast Line R. Co., 81 S.E.2d 335, 341 (S.C. 1954); Jones v. Atlanta-Charlotte Air Line Ry. Co., 63 S.E.2d 476, 479 (S.C. 1951))).) Plaintiff next argued that Decedent's mental capacity could be considered in evaluating Defendant's duty of care with respect to the substation's dangerous condition. (Id. at 8 (citing, e.g., Franks v. S. Cotton Oil Co., 58 S.E. 960, 962 (S.C. 1907) ("In the case of young children, and other persons not sui juris[4], an implied license might sometimes arise, when it would not in behalf of others."))).)

B.     The Court's Review

The parties generally agree that if Decedent entered the premises of the electrical substation as a trespasser, Defendant would only be liable for his injuries if Defendant willfully, wantonly, or recklessly injured him. Plaintiff does not explicitly allege that Decedent was a trespasser. In contrast, Defendant argues conclusively that Decedent was a trespasser.

Upon review of the applicable case law in the context of the amended complaint, the court is not yet inclined to conclude that Decedent was a trespasser requiring a lesser duty on the part of Defendant.[5] Specifically, the court finds that it would be premature to make a factual

---

[4] Sui juris generally means having full legal rights or capacity. Merriam-Webster Dictionary, http://www.merriam-webster.com/dictionary/sui%20juris (last visited Feb. 25, 2014).

[5] The court agreed with Defendant's classification of Decedent as a trespasser in the order dismissing the complaint. (ECF No. 29 at 4 (Concluding that "[b]ecause [Decedent] was a

determination as to the premises classification of Decedent based on the allegations in the amended complaint without allowing the parties the opportunity in discovery to develop evidentiary support for their respective positions.  Citing Nesbitt, 517 S.E.2d at 15 ("Generally, the jury determines whether an individual is a licensee, invitee, or trespasser.").  In this regard, Defendant did not direct the court to any cases addressing the issue of whether the court is required to determine the classification of the injured party and the standard of care in a premises liability negligence action at the pleading stage, and the court has failed independently to find any cases directly on point.  Therefore, viewing the amended complaint in the light most favorable to Plaintiff, the court finds that Plaintiff has stated a claim for relief for premises liability negligence in the amended complaint that is plausible on its face.

## IV.     CONCLUSION

Upon careful consideration of the amended complaint and the arguments of the parties, the court hereby **DENIES** the motion to dismiss of Defendant Duke Energy Carolinas LLC. (ECF No. 32.)

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

February 25, 2014
Greenville, South Carolina

---

trespasser, Defendant owed Decedent no duty other than to not willfully, wantonly, or recklessly injure him.").)  Defendant cites to the court's finding as further support for its position.  (ECF No. 32-1 at 6 ("The Court has already held that 'Decedent was a trespasser on Defendant's property at the time Decedent sustained his injuries,' and that is now the law of the case.").)